UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| THE MERRILLVILLE CONSERVANCY DISTRICT, et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | CAUSE NO. 2:25-cv-526 |
| THE GARY SANITARY DISTRICT, | ) ) ) | |
| Defendant. | ) | |

## **OPINION AND ORDER**

This is an action for mandamus under Indiana state law that was first filed in state court and then removed here by Defendant the Gary Sanitary District ("GSD"). Plaintiffs, the Merrillville Conservancy District, City of Hobart, Indiana, Providence Real Estate Development, LLC, Hall Family Investors, LLC, Hallmark Development, Inc., Luxor Homes, Inc., and Lone Oak Properties, LLC, now seek an order remanding the case. [DE 12, 13.] Plaintiffs also seek costs and attorney fees. *Id.* Because Plaintiffs' petition presents a state-law mandamus claim, there is no federal claim to support jurisdiction. GSD's removal relies on an anticipated federal defense (related to a consent decree in a previous federal case), but Seventh Circuit case law clearly establishes this defense is not enough for removal.

### Background

Plaintiffs filed their Verified Petition for Action for Mandate in the Lake County Superior Court on October 16, 2025. [DE 3.] Each of the Plaintiffs owns construction

projects which require sanitary sewer construction permits to be issued by the Indiana Department of Environmental Management ("IDEM"). Applications to IDEM must be certified by a professional engineer or registered land surveyor *and* an authorized representative of the sanitary district must sign and date the application and basically certify there is sufficient capacity in the water pollution treatment/control facility to treat the additional daily flow that would be added with the new development. [*Id.* at 4-5; 327 IAC § 3-6-4(c).]

The petition alleges GSD has deliberately withheld essential certifications of current system capacity mandated by 327 IAC § 3-6-4, despite the submission of valid applications for construction permits. [DE 3 at 2.] By refusing to approve or deny the permits, Plaintiffs claim GSD has not only violated the law, but also jeopardized public health, stalled critical infrastructure improvements, and undermined the economic vitality of neighboring communities. *Id.* Accordingly, Plaintiffs filed their Verified Petition for Action for Mandate in the Lake County Superior Court (Cause No. 45D02-2510-PL-000591), seeking a statutory remedy exclusively provided by Ind. Code § 34-27-3-1.

Let's be clear on what Plaintiffs are *not* seeking—a certification approving the permit applications. Instead, Plaintiffs simply want an answer from GSD one way or the other. In other words, Plaintiffs seek an order of mandamus from the Lake County Superior Court requiring the GSD to immediately either grant or deny the capacity certifications for the pending projects. [DE 3 at 13-14.]

On November 14, 2025, GSD filed a notice of removal. In it, GSD notes it is also before this court in a separate lawsuit (which has been consolidated with Case No. 2:16-cv-512). In that other case, GSD seeks a declaratory judgment that GSD is authorized to raise rates on customer communities under the terms of a 2018 federal consent decree (involving violations of the Clean Water Act). [DE 1 at 2-3.] The consent decree requires the Gary entities to develop and implement a long-term control plan to address discharges of untreated sewage and improve the efficiency of the wastewater system. [*Id.* at 3.] According to GSD, the relief sought by Plaintiffs in this action is somehow "inextricably linked to the Consent Decree." [*Id.* at 4.] Therefore, GSD claims this action depends "on a substantial question of federal law" because the claims "implicate and impact the terms of a Consent Decree entered under the CWA." [*Id.* at 5.]

Plaintiffs timely filed this motion to remand to state court. [DE 12.] Both sides presented argument during an in person hearing held on January 20, 2026.

## Discussion

A case may be removed from state court to federal court if it is based on statutorily permissible grounds and if it is timely. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004); s*ee also* 28 U.S.C. § 1441; 28 U.S.C. § 1446. The Seventh Circuit has directed that, "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum. Any doubt regarding jurisdiction should be resolved in favor of the states, and the burden of establishing federal jurisdiction falls on the party seeking removal." *Doe v. Allied-Signal, Inc.*, 985

3

F.2d 908, 911 (7th Cir. 1993) (citations omitted). When challenged, the party seeking federal jurisdiction bears the burden of proving by a preponderance of the evidence that a case belongs in federal court. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006). "In considering a motion for remand, the court must examine the plaintiffs' complaint at the time of the defendant's removal and assume the truth of all factual allegations contained within the original complaint." *Scouten v. MNL-FTS, LLC*, 708 F.Supp.2d 729, 731 (N.D. Ill. 2010) (quotations and citations omitted).

While this Court has subject matter jurisdiction over all civil actions "arising under" federal law, in this case, the sole remedy sought in Plaintiffs' petition is an order mandating that the GSD take action with regard to their requests for capacity certifications. 28 U.S.C. § 1331. The exclusive basis for this request is Indiana Code § 34-27-3-1 which states "An action for mandate may be prosecuted against any inferior tribunal, corporation, public or corporate officer, or person to compel the performance of any: (1) act that the law specifically requires; or (2) duty resulting from any office, trust, or station." An action for mandate under 34-27-3-1 is a state-law claim over which federal district courts lack original jurisdiction. *Dickerson Ind. Nat'l Guard*, No. 1:15-c-624-SEB-TAB, 2016 WL 4720933, at *2 (S.D. Ind. Sep. 7, 2016).

GSD does not claim that a federal question arises from the face of the petition, rather only that Plaintiffs' claims "depend on a substantial question of federal law because they implicate and impact the terms of a Consent Decree entered under the CWA." [DE 1 at 5.] This argument fails to meet the burden of removal because the

4

federal question must arise from the face of the complaint. *Nelson v. Stewart*, 422 F.3d 463, 466 (7th Cir. 2005) (generally "a court must determine the presence or absence of a federal question by examining only the plaintiff's well-pleaded complaint."). So a case may not be removed on the basis of a federal defense, "even if the defense is anticipated in the plaintiff's complaint, and even if both parties conceded that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Finally, a "state law claim does not present a federal question merely because it adversely impacts the terms of a federal consent decree." *In re County Collector*, 96 F.3d 890, 897 (7th Cir. 1996).

Here, no analysis of the consent decree is required to provide Plaintiffs the relief sought in their Petition—they simply ask for an order requiring the GSD to comply with the requirements imposed upon it by the Indiana Administrative Code. Moreover, there is no equivalent of a federal mandamus power to compel the GSD to act—this case could not have been brought originally in federal court, and removal is not appropriate on the mere fact that GSD may use the consent decree as a defense to its inaction. Consequently, remand is required.

There's one other issue, and it involves attorney's fees. Plaintiffs seek an award of attorney's fees, arguing that under 28 U.S.C. §1447(c), fees are appropriate because the removal was objectively unreasonable. [DE 13 at 16.] Plaintiffs go on to insinuate that GSD is engaging in delay tactics with these certifications in an effort to put pressure on the other active wastewater litigation. [*Id.* at 16-17.] Section 1447 gives me discretion

5

to award attorney's fees to a party whose motion to remand is successful. The standard that governs a fee award under §1447 is that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). During the hearing, GSD's counsel assured me the removal of this case was unrelated to the other litigation and certainly wasn't an effort to coerce some of the plaintiffs to settle other matters. I take counsel at his word. Because Plaintiffs have failed to demonstrate that GSD's removal rationale lacked an objectively reasonable basis or that other unusual circumstances exist to support an award of attorney's fees under §1447(c), the request for fees will be denied.

**ACCORDINGLY:**

Plaintiffs' Motion to Remand [DE 12] is GRANTED IN PART, as to remand of the case to state court. The motion is DENIED IN PART, as to the request for an award of attorney's fees pursuant to 28 U.S.C. §1447(c).

This action is REMANDED to the Lake County Superior Court.

**SO ORDERED**.

ENTERED: January 22, 2026.

                                                 s/   Philip P. Simon
                                                PHILIP P. SIMON, JUDGE
                                                UNITED STATES DISTRICT COURT